Stephen R. Matthews, WSBA #12110
Douglas Dick, WSBA #46519
Phillabaum, Ledlin, Matthews & Sheldon
1235 North Post Street, Suite 100
Spokane, Washington 99201
509-838-6055
509-625-1909 - fax
sm@spokelaw.com
doug@spokelaw.com

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLENNDA GENTLE,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a foreign profit corporation,<br><br>        Defendant. | NO.   2:18-cv-325<br><br>COMPLAINT FOR DAMAGES |

COMES NOW PLAINTIFF, GLENNDA GENTLE, by and through Stephen R. Matthews, Douglas Dick, and Phillabaum Ledlin Matthews & Sheldon, PLLC, her attorneys, and alleges as follows:

**I. PARTIES**

1.1   Glennda Gentle is a married person residing in Greenacres, Spokane County, Washington

1.2   Wal-Mart Associates Inc. ("Wal-Mart") is a foreign profit corporation licensed and authorized to conduct business in Washington State and Idaho State, including Spokane County, Washington and Kootenai County, Idaho.  Wal-Mart

COMPLAINT FOR DAMAGES - 1

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON   99201
TELEPHONE (509) 838-6055

exercised ownership and operational control over Plaintiff concerning her employment.

## II. JURISDICTION AND VENUE

2.1 This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29. U.S.C. § 201 *et seq.* ("FLSA"). Venue is proper because Defendant operates businesses in Washington State and is subject to the court's personal jurisdiction in Washington.

## III. FACTUAL ALLEGATIONS

3.1 Plaintiff worked as a personnel coordinator for Defendant at their West Pointe Parkway Supercenter.

3.2 The West Pointe Parkway Supercenter is one of ten stores in the Spokane/Coeur d'Alene area operated by Defendant.

3.3 While employed, Defendant agreed to pay Plaintiff a regular hourly rate for hours worked.

3.4 Plaintiff was not paid on a salary basis because personnel coordinators were paid an hourly rate.

3.5 Plaintiff is not exempt from FLSA because she is paid on an hourly basis and should be compensated for appropriate overtime and hours worked.

3.6 During her employment, the Plaintiff regularly worked in excess of 40 hours in a work week.

3.7 If Plaintiff worked less than 40 hours in a week, she would be paid only for the hours she worked that week at her regularly hourly rate.

3.8 If Plaintiff worked more than 40 hours in a week, she was told to reduce her actual time worked on her time cards to only reflect a 40 hour work week.

COMPLAINT FOR DAMAGES - 2

3.9    Plaintiff's supervisors would have to acknowledge and accept the reduction on the time cards and authorize the change.

3.10    Defendant failed to pay Plaintiff for all hours worked.

3.11    Defendant failed to pay Plaintiff one and one-half times her regular rate of pay for all hours worked over 40 hours in a work week.

3.12    Defendant did occasionally pay overtime, however Defendant did not pay overtime for all hours worked by Plaintiff over 40 hours in a work week.

3.13    Defendant restricted the hours of overtime employees may work and Plaintiff did not receive the correct pay as required by the FLSA, because Defendant promulgated an unlawful policy that employees are not always eligible for overtime compensation.

3.14    These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq*. As a result of these unlawful practices, Plaintiff suffered a loss of wages.

3.15    Defendant willfully did not pay for all hours worked.

3.16    Defendant showed reckless disregard for the fact that their failure to pay Plaintiff appropriate overtime compensation was in violation of the law.

## IV. FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGE

4.1    Plaintiff re-alleges and incorporates the above paragraphs.

4.2    Defendant required Plaintiff to adjust her time cards to eliminate hours actually worked by Plaintiff.

4.3    Plaintiff was not compensated for all hours she worked.

4.4    These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq*. As a result of these unlawful practices, Plaintiff suffered a loss of wages.

COMPLAINT FOR DAMAGES - 3

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON  99201
TELEPHONE (509) 838-6055

4.5    Defendant willfully did not pay for each hour Plaintiff worked.

4.6    Defendant showed reckless disregard for the fact that their failure to pay Plaintiff appropriate compensation was in violation of the law.

## V. SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME

5.1    Plaintiff re-alleges and incorporates the above paragraphs.

5.2    Defendant required Plaintiff to adjust her time cards to eliminate hours actually worked by Plaintiff.

5.3    Plaintiff was not paid one and one-half times her regular rate of pay for each hour worked over 40 hours in a work week

5.4    These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq.* As a result of these unlawful practices, Plaintiff suffered a loss of wages.

5.5    Defendant willfully did not pay for each hour worked over 40 hours in a work week.

5.6    Defendant showed reckless disregard for the fact that their failure to pay Plaintiff appropriate overtime compensation was in violation of the law.

## VI. THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

6.1    Plaintiff re-alleges and incorporates the above paragraphs.

6.2    Plaintiff and Defendant entered into a contract whereby Plaintiff would receive a rate of pay for all hours worked.

6.3    Defendant breached this contract by failing to pay Plaintiff a rate of pay for all hours worked.

6.4    Plaintiff sustained damages as a result of this breach of contract.

6.5    Defendant willfully did not pay for each hour worked.

COMPLAINT FOR DAMAGES - 4

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON  99201
TELEPHONE (509) 838-6055

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable rate for each hour worked;

2. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over 40;

3. Judgment against defendant that their violations of the FLSA were willful;

4. An equal amount of the wage damages as liquidated damages;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs incurred and reasonable attorney's fees for prosecuting these claims; and

7. For such further relief as the Court deems just and equitable.

Dated this 17th day of October, 2018

PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC

　　/S/ DOUGLAS DICK
Douglas Dick, WSBA #46519
Attorneys for Plaintiff

F:\Users\Doug\Clients\Gentle\PLD\Complaint.wpd

COMPLAINT FOR DAMAGES - 5

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON  99201
TELEPHONE (509) 838-6055