FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 23, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GLENNDA GENTLE,

                Plaintiff,

v.

WAL-MART ASSOCIATES INC., a foreign corporation,

                Defendant.

No.   2:18-cv-00325-SMJ

**ORDER DENYING MOTION FOR SETTLEMENT APPROVAL AND MOTION TO SEAL**

Before the Court, without oral argument, are the parties' Joint Motion to Approve Settlement and Dismiss Case with Prejudice, ECF No. 19, and Joint Motion to File Confidential Settlement Agreement Under Seal for Purposes of Court Approval of Settlement, ECF No. 20. The parties seek the Court's approval of a negotiated settlement resolving Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and request the settlement agreement be sealed. The parties have, however, failed to put forth a specific factual basis establishing either that the proposed settlement is fair and consistent with the FLSA's purposes or that a compelling need for confidentiality outweighs the public's interest in transparency in the judicial process. Accordingly, the Court denies both motions.

ORDER DENYING MOTION FOR SETTLEMENT APPROVAL AND
MOTION TO SEAL **- 1**

**A.  The Court cannot approve the proposed settlement agreement**

The parties first seek judicial approval of a settlement resolving Plaintiff's FLSA claims. ECF No. 19. Plaintiff sued Defendant Wal-Mart Associates, Inc. ("Walmart") more than a year ago, seeking damages under the FLSA for Walmart's allegedly willful failure to compensate her for hours worked, as well as for breach of contract. *See generally* ECF No. 1. After Walmart filed an answer and the Court held a scheduling conference, the case remained dormant for nearly ten months. *See* ECF Nos. 8, 16. The parties now move for judicial approval of their negotiated settlement, by which Plaintiff agrees to dismiss all claims against Walmart with prejudice in exchange for a sum of $19,000. *See* ECF No. 19 at 1–2; ECF No. 21 at 2–3.

The FLSA is intended to protect workers from "substandard wages and oppressive working hours" by giving employees a private federal cause of action to recover back wages. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (quoting *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)). To ensure the FLSA's objectives are not undermined by the "often great inequalities in bargaining power between employers and employees," the Court must scrutinize any proposed settlement of an employee's FLSA claims for fairness. *Id*. In doing so, the Court's task is to determine if the settlement constitutes a "fair and reasonable resolution of a *bona fide* dispute over FLSA

provisions." *Id.* at 1355. Although the standards against which the Court evaluates a proposed settlement have not been clearly announced in the Ninth Circuit, two aspects of the analysis are clear.

First, before approving a proposed settlement, the Court must determine whether a *bona fide* dispute in fact exists—that is, whether the parties genuinely contest "the existence and extent of" the Defendant's FLSA liability. *Ambrosino v. Home Depot U.S.A, Inc.*, No. 11CV1319 L MDD, 2014 WL 1671489, at *1 (S.D. Cal. Apr. 28, 2014). To do so, the parties must provide the Court with a fundamental understanding of the issues in the case. As one district court explained,

> The parties' motion (or presentation at a hearing) must describe the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay) resolved by the compromise. Parties wishing to compromise a coverage or exemption issue must describe the employer's business and the type of work performed by the employee. The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages. If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage. In any circumstance, the district court must ensure the *bona fides* of the dispute; implementation of the FLSA is frustrated if an employer can extract a disproportionate discount on FLSA wages in exchange for an attenuated defense to payment.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–42 (M.D. Fla. 2010).

Once the Court is satisfied that the parties intend by the proposed settlement to resolve a genuine dispute regarding the Defendant's liability, it proceeds to

determine if the proposed settlement is fair and reasonable. *Lynn's Food Stores, Inc.*, 679 F.3d at 1355. "In reviewing a private FLSA settlement, the court's obligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes." *Goudie v. Cable Commc'ns, Inc.*, No. CV 08-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009). Courts adopt a "totality of the circumstances" approach by which they consider, among other relevant factors,

> (1) [T]he plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion.

*Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016) (collecting cases). Ultimately, the Court may only approve a settlement which has the "overall effect [] to vindicate, rather than frustrate, the purposes of the FLSA." *Id.*

The Court cannot approve the parties' proposed settlement on the record before it. The parties contend that "[b]ased on the contested nature of this litigation and the quality of the settlement, this Court should conclude that this Agreement is a reasonable resolution of a *bona fide* dispute." ECF No. 19 at 2. This threadbare

ORDER DENYING MOTION FOR SETTLEMENT APPROVAL AND
MOTION TO SEAL **-** 4

recital is insufficient. *See Ambrosino*, 2014 WL 1671489, at *2 ("The parties claims are conclusory, and not supported by any evidence or analysis.").

To begin, the Court cannot determine whether the proposed settlement will resolve a *bona fide* dispute over Defendant's FLSA liability. *See Ambrosino*, 2014 WL 1671489 at *1. More basically, the Court cannot even adequately discern the nature of the dispute itself—the parties' motion does no more than declare that Plaintiff's claims are premised on the FLSA and that Defendant "disputes [her] claims and contends that [she] was fully compensated for all work performed." ECF No. 19 at 1. This perfunctory statement of the issues fails to sketch even the basics of the parties' contentions or the extent of Defendant's potential liability. *See Dees*, 706 F. Supp. 2d at 1241–42. Without more, the Court cannot tell whether a genuine dispute exists, and therefore cannot approve the proposed settlement. *Lynn's Food Stores, Inc.*, 679 F.3d at 1355.

Even if the Court could advance to evaluating the settlement's overall fairness, the parties' motion is also inadequate in that respect. The parties appear to contend the Court may approve their agreement simply by examining "the quality of the settlement." *Id.* But they provide the Court with nothing by which to assess that asserted quality. The Court can discern only the proposed settlement amount—

$19,000[1]—and ancillary, boilerplate settlement terms such as a general release of Plaintiff's claims, confidentiality provisions, etc. *See* ECF No. 21. The settlement agreement is not self-evidently fair. And the parties' motion for settlement approval is silent as to Plaintiff's range of possible recovery, the risks she would face at trial, the scope of discovery to this point and the extent to which that discovery supports or undermines Plaintiff's claims. *See Selk*, 159 F. Supp. 3d at 1173. Accordingly, as the motion is drafted, the Court is unable to conclude that the proposed settlement is fair.

**B.     The parties fail to establish that sealing is justified**

The parties also request the Court seal their proposed settlement agreement, ECF No. 21. *See* ECF No. 20. Absent justification to the contrary, there is a general presumption in favor of public access to the records of judicial proceedings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The party requesting a document be filed under seal must therefore provide "'compelling reasons supported by specific factual findings' . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of*

---

[1] Even with what detail the parties provide, the Court is concerned by the fact that the parties' agreement allocates only half of the total settlement to Plaintiff herself, with the other half going to her counsel. *See* ECF No. 21 at 2; *see also Kerzich v. Cty. of Tuolumne*, 335 F. Supp. 3d 1179, 1189 (E.D. Cal. 2018) (finding an "award of attorneys' fees [] is excessive and renders the settlement unfair."). If the parties renew their request for judicial approval of the proposed settlement on the same terms, they should be sure to explain why this allocation of settlement funds is fair.

ORDER DENYING MOTION FOR SETTLEMENT APPROVAL AND MOTION TO SEAL - 6

*Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)) (internal citations omitted).

Although the presumption of public access generally does not apply to settlement agreements, the requirement for judicial approval under the FLSA has led most district courts to decline to seal FLSA settlement agreements. *See Duran v. Hershey Co.*, No. 14-CV-01184-RS, 2015 WL 4945931, at *2 (N.D. Cal. Aug. 10, 2015) ("While some district courts have indeed permitted FLSA settlement agreements to be filed under seal, those decisions are generally threadbare and uniformly fail to acknowledge the considerable body of law counseling against sealing."); *see also Bernstein v. Target Stores, Inc.*, No. 13-CV-01018 NC, 2013 WL 5807581, at *2 (N.D. Cal. Oct. 28, 2013) (collecting cases).

The proposed settlement agreement contains the details of the parties' settlement, which both agree should remain confidential. ECF No. 21. They generally contend that sealing of settlement agreements promotes the "amicable resolution of disputes," but this is no doubt the case in nearly all disputes. ECF No. 20 at 4. The parties also contend that the "public interest in disclosure of the terms of this settlement, if any, is minimal because this is a private settlement reached exclusively between Plaintiff and Walmart." *Id.* But this, too, is generally true of all civil litigation, and fails to accord proper deference to the public's interest

in the transparency of the judicial process. *See Nixon*, 435 U.S. at 597. In sum, the parties fail to point to "compelling reasons supported by specific factual findings" outweighing the presumption against sealing. *Foltz*, 331 F.3d at 1135. The motion is therefore denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Joint Motion to Approve Settlement and Dismiss Case with Prejudice, **ECF No. 19**, is **DENIED**.

2. The parties' Joint Motion to File Confidential Settlement Agreement Under Seal for Purposes of Court Approval of Settlement, **ECF No. 20**, is **DENIED**.

   A. The Clerk's Office shall **UNSEAL** the document located at **ECF No. 21**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 23rd day of December 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION FOR SETTLEMENT APPROVAL AND MOTION TO SEAL **-** 8